**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D. S.C., | ) | |
| individually and on behalf | ) | 16-cv-7643 |
| of similarly situated persons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RELX INC., d/b/a LEXISNEXIS, and | ) | |
| CORPORATE DOES 1-3, | ) | |
| | ) | Trial By Jury Demanded |
| Defendants. | ) | |

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1.     Plaintiff Florence Mussat, M.D., S.C., ("Plaintiff"), brings this action individually and on behalf of similarly situated persons to secure monetary and injunctive redress for Defendants Relx, Inc., d/b/a LexisNexis ("LexisNexis") and Corporate Does 1-3, (collectively "Defendants"), unsolicited advertisement in the form of (Exhibit A).

2.     Notably even after Plaintiff, though her legal counsel, demanded in writing on February 19, 2015, for Defendant to stop sending faxes to Dr. Mussat's office, (Exhibit B), Defendants nevertheless continued to do so in May and June of 2016.  (Exhibits C, D).

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4.     Venue and personal jurisdiction in this District are proper because the act complained of was directed to Plaintiff in Chicago, Illinois.

**PARTIES**

5.     Plaintiff is an Illinois Corporation located in Chicago, Illinois, Florence Mussat is the owner of Plaintiff, and Plaintiff is the subscriber to the fax number (773) 868-3700.

6.     Defendant Relx Inc., doing business in Illinois under the assume name LexisNexis, is a corporation organized under the laws of Massachusetts.

7.     LexisNexis includes services to its clients that are focused on monitoring and reporting health care provider information, and has publically stated that it has "compiled the largest, most accurate database of medical provider business and professional demographic data in the United States."

8.     Corporate Does 1-3 are believed to have been involved with the approval of and the sending of the subject form fax, Exhibit A, and are unknown to Plaintiff at this time.

**FACTS**

9.     Under the American Recovery and Reinvestment Act of 2009, all Personal Health Information ("PHI") communications must be secure, and therefore doctors use their fax machines to transmit PHI as part of their business.

10.     As part of LexisNexis', and/or one of the Corporate Does 1-3's, business, it/they sent or caused to be sent faxes in the form of Exhibit A to healthcare providers in the United States.

11.     Faxes in the form of Exhibit A are used by LexisNexis as a means of obtaining or verifying public information so that it can pass back that information to its customers, on information and belief, at a cost.

12.     The form fax, Exhibit A, informs the recipient of the availability of LexisNexus'

services that, "[w]e [LexisNexis] validate and update the fax in our system so our clients can use them for clinical summaries, prescription renewals, and other sensitive communications." (Exhibit A).

13.    If a person calls the (612) 746-2853 telephone number listed on the bottom of the subject fax, a pre-recorded message will identify that the caller has called "LexisNexus" and in part also directs the caller to http://www.lexisnexis.com/risk/health-care/ for more information.

14.    The fax number (866) 699-0422, listed on the subject fax, is a fax number that reaches LexisNexis, alternatively one of the Corporate Doe Defendants.

15.    If a person were to type in the web address listed at the bottom of the subject fax, www.enclarity.com/providerfaqs.php, the web browser is directed to http://www.lexisnexis.com/risk/health-care/provider-form.aspx, a website believed to be LexisNexis'.

16.    On or around February 11, 2015, LexisNexis and/or Corporate Does 1-3, sent or caused to be sent a fax, a copy of which is attached as Exhibit A.

17.    Plaintiff received the fax, a copy of which is attached as Exhibit A.

18.    Plaintiff's website specifically states following the office's fax number "(Do not Fax Advertisements Please)" http://www.fmussatmd.com/contact-chicago-plastic-surgeon/.

19.    On February 19, 2015, one or more of the Defendants were provided written notice to stop faxing Dr. Florence Mussat.  (Exhibit B).

20.    On or around May 25, 2016, LexisNexis and/or Corporate Does 1-3, sent or caused to be sent a fax, a copy of which is attached as Exhibit C.

21.    Plaintiff received the fax, a copy of which is attached as Exhibit C.

22.    On or around June 8, 2016, LexisNexis and/or Corporate Does 1-3, sent or caused

to be sent a fax, a copy of which is attached as Exhibit D.

23.     Plaintiff received the fax, a copy of which is attached as Exhibit D.

24.     Plaintiff attempted again to stop the faxes from being sent to the office and went to the website www.enclarity.com/providerfaqs.php, wherein the web browser was directed to http://www.lexisnexis.com/risk/health-care/provider-form.aspx.

25.     The website http://www.lexisnexis.com/risk/health-care/provider-form.aspx contains information about multiple products that LexisNexis offers, including "Clinical Analytics", "Fraud, Waste and Abuse", "Data Management and Services", "Identity Management, and "Revenue Cycle Optimization." http://www.lexisnexis.com/risk/health-care/provider-form.aspx. (Exhibit E).

26.     Along with the available products that LexisNexis offers is a "Provider Form" with at the bottom a box followed by the text, "To opt-out, check here – please include fax number above."

27.     It is unknown if a person can use this website to opt-out of receiving future faxes, faxes that are certain to be sent as the subject fax states in part, "[t]his information will be verified once each year." (Exhibits A, C, D).

28.     Plaintiff submitted a Provider Form in an attempt to stop future faxes from being sent to the fax number (773) 868-3700.

29.     The link "Revenue Cycle Optimization" when clicked on takes the web browser to http://www.lexisnexis.com/risk/health-care/revenue-cycle-optimization.aspx which describes a similar product used by Plaintiff's office that is a non-LexisNexis product, DrChrono.

30.     Therefore in order to attempt to stop future unwanted faxes, Plaintiff was required to view a website that contained links to products and services offered by LexisNexis.

31.     The website  http://www.lexisnexis.com/risk/health-care/,  as  stated  in  the

prerecorded voice message that is played when a caller calls the telephone number on the bottom

of  the  subject  fax,  (612)  746-2853,  also  contains  information  about  multiple  products  that

LexisNexis  offers,  including  "Clinical  Analytics",  "Fraud,  Waste  and  Abuse",  "Data

Management  and  Services",  "Identity  Management,  and  "Revenue  Cycle  Optimization."

(Exhibit F).

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT

32.      Plaintiff incorporates paragraphs 1-31 herein.

33.     The  TCPA  makes  unlawful  the  "use  of  any  telephone  facsimile  machine,

computer or other device to send an unsolicited advertisement to a telephone facsimile machine .

. . ." 47 U.S.C. §227(b)(1)(C).

34.     The  TCPA  defines  "unsolicited  advertisement"  as  any  material  advertising  the

commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's prior express invitation or permission. 47 U.S.C.S. § 227(a)(4)

35.     Exhibits A, C and D, in part, informs the recipient of services and products that

LexisNexis offers to its clients and how its products and services can benefit the recipient.

36.     Exhibits  A,  C  and  D,  in  part,  informs  the  recipient  of  a  website

www.enclarity.com/providerfaqs.php  which  when  visited  will  direct  the  web  browser  to

http://www.lexisnexis.com/risk/health-care/provider-form.aspx  which informs the person who is

visiting the site of the LexisNexis products and services that are available, in addition to perhaps

an opt-out form.  (Exhibit E).

37.     The  website  http://www.lexisnexis.com/risk/health-care/,  as  stated  in  the

prerecorded voice message that is played when a caller calls the telephone number on the bottom

of the subject fax, (612) 746-2853, also contains information about multiple products that LexisNexis offers, including "Clinical Analytics", "Fraud, Waste and Abuse", "Data Management and Services", "Identity Management, and "Revenue Cycle Optimization." (Exhibit F).

38.     Exhibits A, C and D promotes LexisNexis' name, logo, contact information and website.

39.     The websites that the fax and the telephone message, corresponding to the telephone number on the fax, all promote the commercial availability of LexisNexis' services.

40.     Exhibits A, C and D are a part of LexisNexis' overall marketing plan to raise health care providers' awareness of LexisNexis' services.

41.     Exhibits A, C and D is a part of on or more of the LexisNexis' overall marketing plan to gather information from health care providers so that it can sell it at a profit to its customers.

42.     Exhibits A, C and D are advertisements.

43.     Exhibits A, C and D were unsolicited.

44.     Exhibits A, C and D were sent without Plaintiff's express consent.

45.     Exhibits A, C and D were sent without an established business relationship with Plaintiff.

46.     Plaintiff's opt-out was not honored as to the two subsequent faxes, Exhibits C and D, were sent.

47.     Exhibits A, C and D do not contain a compliant opt-out notice as required by the TCPA.

48.     The "Provider Form" with at the bottom a box followed by the text, "To opt-out,

check here – please include fax number above" on the web page
http://www.lexisnexis.com/risk/health-care/provider-form.aspx does not comply with the TCPA.

49.    Unsolicited fax advertising is contrary to Illinois public policy, as set forth in 720
ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to
Illinois residents.

50.    Plaintiff's and each class member's right of privacy was invaded, costs of toner
and ink were incurred, or time to review and delete the subject form faxes were expended.

WHEREFORE, Plaintiff requests that this Honorable Court to:

    a.    Certify that this matter may proceed as a class action;

    b.    Enter judgment in favor of Plaintiff and a certified class of all persons who
were sent a fax in the form of Exhibit A, and its was received, four years
prior to the filing of this Complaint, and against Defendants for damages
under the TCPA including damages for willful conduct;

    c.    Enter judgment in favor of Plaintiff and the class and against Defendants
for Injunctive relief prohibiting Defendants from sending faxed
advertisements without consent or a prior established business
relationship, and from sending faxes that do not contain an opt-out notice
that complies with the TCPA;

    d.    Enter a judgment declaring that subject faxes sent to Plaintiff were
unsolicited;

    e.    Enter a judgment declaring that subject faxes sent to Plaintiff failed to
provide an opt-out notice compliant with the TCPA;

    f.    Enter a determination that Plaintiff is an adequate class representative;

g.  Enter a determination that Plaintiff's counsel is adequate class counsel;

h.  Award Plaintiff a fair, reasonable and adequate incentive award for being

the named Plaintiff; and

i.  Award costs of suit, including an award of attorney's fees if permissible.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

**TRIAL BY JURY DEMANDED**

PLEASE TAKE NOTICE that Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## DOCUMENT PRESERVATION REQUESTS

PLEASE TAKE NOTICE that Defendants are requested to preserve all documents that relate to the identity of any potential putative class members who would have been send a fax in the form of Exhibit A going back four years from the filing of this complaint, including all fax logs, fax numbers, address and names. Defendants are further requested to preserve any and all documents which show any expressed prior consent to receive faxes in the form of Exhibit A. Defendants are requested to preserve any and all documents which show any established business relationship with any potential putative class members. Defendants are further requested to preserve the webpages http://www.lexisnexis.com/risk/health-care/provider-form.aspx and http://www.lexisnexis.com/risk/health-care/ and all links and those webpages listed therein. Defendants are further requested to preserve and not to alter the website www.enclarity.com/providerfaqs.php and all capabilities of directing a web browser that accesses the website to any other website.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
350 S. Northwest HWY Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com