# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., individually and on behalf of similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 16-CV-07643 |
| v. | )<br>) Judge John J. Tharp, Jr. |
| ENCLARITY, INC. and CORPORATE DOES 1-3. | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Florence Mussat, M.D., S.C. ("Mussat"), individually and on behalf of similarly situated persons, alleges that defendant Enclarity, Inc. engaged in unsolicited fax advertising in violation of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. In a previous order, this Court denied Enclarity's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Enclarity has subsequently moved for judgment on the pleadings pursuant to Rule 12(c), arguing that the Court lacks personal jurisdiction over it with respect to claims brought by putative class members residing outside of Illinois. For the reasons discussed below, the motion is denied.

## BACKGROUND

Mussat is an Illinois corporation and medical practice operating in Chicago. Enclarity is a health care data company incorporated in Delaware with its principal place of business in Minnesota. In 2016, Mussat filed a putative nation-wide class action against Enclarity in this District, alleging that Enclarity violated the TCPA by sending unsolicited fax advertisements to healthcare providers. Am. Compl. ¶¶ 1, 10. In October 2016, Enclarity moved to dismiss the

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; it did not object to personal jurisdiction at that time. On June 19, 2017, after that motion was fully briefed, but before the Court had ruled on it, the Supreme Court issued its decision in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), holding that a California state court lacked specific personal jurisdiction over the defendant as to claims filed in a mass action by non-California plaintiffs because those claims were not linked to the forum.[1]

On March 3, 2018, this Court denied Enclarity's motion to dismiss and directed it to file a response to Mussat's complaint. *See Mussat v. Enclarity, Inc.*, 16-CV-07643, 2018 WL 1156200, at *1 (N.D. Ill. Mar. 5, 2018). Enclarity filed an answer on March 26, 2018 in which it challenged personal jurisdiction for the first time. Relying on *Bristol-Myers*, it asserted that the Court lacked personal jurisdiction over it as to claims brought by putative class members residing outside of Illinois. Defendant's Answer 14, ECF No. 54. Two months later, Enclarity moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), again asserting a lack of personal jurisdiction defense.[2] Memorandum in Support of Defendant's Motion for Judgment on the Pleadings 4, ECF No. 63. As explained more fully below, the Court denies the motion because it is untimely and because Enclarity waived its personal jurisdiction defense.

---

[1] The Supreme Court granted certiorari in *Bristol-Myers* on January 19, 2017. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 827 (2017). More than a month after that, on March 2, 2017, Enclarity supplemented its Rule 12(b)(6) motion with additional authority; it made no mention, however, of personal jurisdiction. *See* ECF No. 40.

[2] During the two months after answering but before filing this motion, Enclarity filed a joint status report with Mussat proposing a discovery plan and attended a status hearing where the Court referred the case to the assigned magistrate judge for discovery scheduling and supervision. Status Report, ECF No. 55; Minute Entry, ECF No. 56. Enclarity did not mention personal jurisdiction in the report or at the hearing.

**DISCUSSION**

In broad terms, personal jurisdiction refers to a court's power to bring a particular defendant into the judicial process. Generally, courts may exercise that power only if the defendant has constitutionally sufficient contacts with the state in which the court sits. *See uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (laying forth the standards for determining whether personal jurisdiction exists). Personal jurisdiction can either be "general"—meaning a defendant has such a strong connection to a state that a court within that state may hear *any* claim against it—or "specific." Specific personal jurisdiction allows a court to hear a claim against a defendant who may not be subject to general jurisdiction if the claim arises out of the defendant's connection to the state where the court sits. *Id.* The parties agree that the Court lacks general jurisdiction over Enclarity. Memorandum in Support of Defendant's Motion for Judgment on the Pleadings 4. To adjudicate the claims against Enclarity, then, the Court must have specific jurisdiction.

Enclarity challenges specific personal jurisdiction only as to claims brought by out of state plaintiffs.[3] It argues that because those plaintiffs did not receive faxes in Illinois and were not otherwise injured in Illinois, their claims do not relate to Enclarity's connection to Illinois and must be dismissed. Memorandum in Support of Defendant's Motion for Judgment on the Pleadings 4-9. Mussat rejoins that specific jurisdiction need not be established for claims brought by absent class members, and that in any case, Enclarity waived its personal jurisdiction defense by failing to raise it earlier. The Court agrees with the latter of Mussat's arguments, and also finds that Enclarity's motion is untimely. Accordingly, the motion is denied.

---

[3] Enclarity does not contest specific personal jurisdiction with respect to claims brought by Mussat or other putative class members who received faxes in Illinois.

**I.  Enclarity's Motion is Untimely**

Enclarity styles its motion as one for judgment on the pleadings under Rule 12(c), but clearly seeks the relief contemplated by Rule 12(b)(2), which permits a defendant to seek dismissal for lack of personal jurisdiction. Presumably, Enclarity has done so because Rule 12(b) motions "must" be made before a responsive pleading is filed, Fed. R. Civ. P. 12(b), and Enclarity filed a responsive pleading—its answer—before making this motion. *See Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) (explaining that a rule 12(b) motion cannot occur after a responsive pleading is filed).[4] The Seventh Circuit has stated that "a defendant may use a rule 12(c) motion after the close of the pleadings to raise various rule 12(b) defenses regarding procedural defects," *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993), but the treatise cited by the court in making this point explains that Rule 12(c) enables parties to assert only ***certain*** procedural defenses after the close of the pleadings, as authorized by Rule 12(h)(2) and (3). 5C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed., 2018). And according to the plain text of Rule 12(h)(2) and (3), the only 12(b) defenses that may properly be brought after the close of pleadings in a 12(c) motion are 1) failure to state a claim upon which relief can be granted, 2) failure to join a

---

[4] Enclarity's argument that it preserved the defense in its answer is inapposite to this issue. Enclarity notes that one district court from within this circuit held that the defendants avoided waiver by including a personal jurisdiction defense in their answer two months before filing a 12(b)(2) motion. *Distance Learning Systems Indiana, Inc. v. A & D Nursing Institute, Inc.*, No. 04 C 0159DFH-WTL, 2005 WL 775928, at *4 (S.D. Ind. Mar. 22, 2005); Defendant's Reply Brief 12, ECF No. 75. But the issue of waiver of a personal jurisdiction defense under Rule 12(h)(1)(B)—the type of waiver that court seemed to address and which requires a party to raise a 12(b) defense either by motion *or* in a responsive pleading—is separate from the issue of the timeliness of a motion to dismiss for lack of personal jurisdiction. In *Lieberman v. Budz*, No. 00 C 05662, 2013 WL 157200, at *9 (N.D. Ill. Jan. 15, 2013) for example, this Court held that the defendant preserved her Rule 12(b)(5) insufficient service of process defense under Rule 12(h)(1)(B) because she had raised it in her answer. Filing the answer, however, rendered untimely her subsequent 12(b)(5) motion. *Id.*

party required by Rule 19(b), and 3) lack of subject matter jurisdiction. *Id.* Thus, asserting a personal jurisdiction defense in a Rule 12(c) motion is improper. *See also Walker v. Carnival Cruise Lines, Inc.*, 87 C 115, 1987 WL 19554, at *9 n. 1 (N.D. Ill. Nov. 5, 1987) ("A Rule 12(c) motion is an inappropriate vehicle for preliminary matters such as jurisdiction or venue, being ordinarily used for judgments on the merits of a complaint."). Accordingly, Enclarity can neither make a timely Rule 12(b)(2) motion, nor bypass the 12(b) timing requirements by invoking Rule 12(c). And while some courts "routinely forgive untimely Rule 12 motions," *Lieberman v. Budz*, No. 00 C 05662, 2013 WL 157200, at *9 (N.D. Ill. Jan. 15, 2013), this Court is not inclined to do so here because, as discussed below, Enclarity should have asserted its personal jurisdiction defense well before it answered Mussat's complaint.

## II. Enclarity Waived its Personal Jurisdiction Defense

The Federal Rules of Civil Procedure make clear that a party may not raise in a Rule 12 motion a personal jurisdiction defense that was "available but omitted" from an earlier Rule 12 motion. Fed. R. Civ. P. 12(g)(2). Omitting an available defense from the first Rule 12 motion a party files results in waiver of that defense. Fed. R. Civ. P. 12(h)(1)(A). Enclarity acknowledges that it objected to personal jurisdiction only after the Court denied its 12(b)(6) motion to dismiss. It argues, however, that the objection was not "available" when it filed its first motion (and therefore not waived) because the Supreme Court had not yet decided *Bristol-Myers*, the case upon which the current motion is premised. Defendant's Reply in Support of Motion for Judgment on the Pleadings 8, ECF No. 75.

Courts have formulated what it means for a defense to be "available" in different ways. Generally, though, parties avoid waiver despite omitting a defense from an earlier motion when "a prior authoritative decision indicated that the defense was unavailable" and "the defense

became available thereafter by way of supervening authority (say, an overruling of the prior decision or a legislative clarification.)" *Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004); *see also In re Micron Tech., Inc.*, 875 F.3d 1091, 1096 (Fed. Cir. 2017) (no waiver where raising defense would have been improper given controlling precedent). A defense is "available," however, if the standard that governs it was the same before and after the allegedly supervening decision. *See, e.g., Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 964 (D.C. Cir. 2016) (A defense is "available" unless "its legal basis did not exist at the time of the answer or pre-answer motion, or the complaint does not contain facts sufficient to indicate that a defense was possible."); *Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1241 (10th Cir.), *cert. denied*, 137 S. Ct. 90 (2016)); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2018 WL 3474444, at *3 (N.D. Ill. July 19, 2018) ("Without an intervening change in the law and without an earlier, controlling authority blockading such efforts, the Defendants' failure to mount a timely challenge to personal jurisdiction constitutes forfeiture of that challenge."). This Court must therefore determine whether the standard articulated in *Bristol-Myers* changed controlling precedent such that it generated a previously foreclosed specific personal jurisdiction defense.

In making that determination, the Court turns first to *Bristol-Myers* itself. In that case, 600 plaintiffs from 34 different states filed a pharmaceutical products liability "mass action" against the defendant manufacturer in California state court. 137 S. Ct. 1773, 1777 (2017). The defendant argued that the state court lacked specific personal jurisdiction over it with respect to claims brought by non-California plaintiffs and moved to quash service of summons as to those claims. The motion ultimately made its way to the Supreme Court, which agreed with the defendant. In order to exercise specific jurisdiction, the Court explained, "the suit must arise out

of or relate to the defendant's contacts with the forum." *Id.* at 1780 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)) (internal citations omitted). Because nonresident plaintiffs did not allege that they obtained the prescription drug at issue in California, nor did they allege that they were injured in or treated in California, California courts could not exercise specific personal jurisdiction over the defendant as to their claims. *Id.* at 1782.

Enclarity now seeks to apply that reasoning to this case, arguing that it could not have previously done so. According to the Supreme Court itself, however, "settled principles" controlled the case, and its application of those principles was "straightforward." *Id.* at 1781, 1783. Indeed, the Court had already articulated the specific personal jurisdiction standard repeated in *Bristol-Myers*, *id.* at 1780—*i.e.*, that specific jurisdiction may be exercised only where there is an "affiliation between the forum and the underlying controversy"—in at least three prior cases issued within the preceding six years. *See Walden v. Fiore,* 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."); *Daimler*, 571 U.S. at 127 (specific jurisdiction lies where the suit "arises out of or relates to the defendant's contacts with the forum"); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011) ("Specific jurisdiction . . . depends on an "affiliation between the forum and the underlying controversy."). And while Enclarity argues that *Bristol-Myers* answered an "open question" by applying that standard to claims brought by nonresident plaintiffs, it has not identified how *Bristol-Myers* changed the standard itself. The Tenth Circuit's decision in *American Fidelity Assurance Co. v. Bank of New York Mellon* is instructive here. 810 F.3d at 1237. In that case, the defendant argued that its personal jurisdiction defense was not available when it first moved for dismissal because the Supreme Court had yet to decide *Daimler*, which it

argued narrowed the scope of general jurisdiction. *See Daimler*, 571 U.S. at 122 (general jurisdiction exists only where defendant is "at home" in the forum state). The court rejected that argument, noting that the standard for general jurisdiction was the same both before and after *Daimler*, and that all *Daimler* had done was reaffirm and apply previous precedent. So too with *Bristol-Myers*.

Enclarity, moreover, has not identified a single pre-*Bristol Myers* case barring the personal jurisdiction defense it attempts to invoke here. *See Bennett*, 362 F.3d at 7 (defense available for Rule 12 purposes where it did not contradict any previously binding precedent); *see also Promologics,* 2018 WL 3474444, at *3 (court unaware of "pre-*Bristol-Myers*, Seventh-Circuit authority that would have rendered futile a challenge to personal jurisdiction as to the non-resident, proposed class members."). This Court is therefore hard-pressed to see how *Bristol-Myers* changed the law such that Enclarity's specific personal jurisdiction defense became available only after it was decided. To be sure, *Bristol-Myers* has prompted defendants to assert specific personal jurisdiction defenses in new contexts. But that the defense is novel or creative does not necessarily mean that it was previously unavailable.

Still, the Seventh Circuit has not yet addressed this specific issue, and courts within the circuit have reached different results. In *Practice Management Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 863 (N.D. Ill. 2018), for example, the court held that the defendant did ***not*** waive its personal jurisdiction defense as to nonresident class members despite litigating the case for many years before raising it. The court reasoned that raising the defense prior to the *Bristol-Myers* decision would have been "futile." *See also Mussat v. IQVIA Inc.*, 17 C 8841, 2018 WL 5311903, at *2 (N.D. Ill. Oct. 26, 2018) (defendant in TCPA class action suit brought by the plaintiff in this case did not waive personal jurisdiction defense even where

8

defense was omitted from initial 12(b) motion filed **after** *Bristol-Myers*, because *Bristol-Myers* "did not apply to class actions" on its face and reasoning was therefore "unavailable" at the time first motion was filed). Neither case, however, cited any pre-*Bristol Myers* precedent suggesting that the defense was improper.

The court in *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 876 (N.D. Ill. 2017), on the other hand, came to the opposite conclusion. There, the court denied the defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction before *Bristol-Myers* was decided. Afterwards, the defendant moved under Federal Rule of Civil Procedure 54(b) for reconsideration, arguing for the first time that the court lacked specific personal jurisdiction over it with respect to claims brought by a nonresident plaintiff. The *Greene* court found that the defendant had forfeited the argument by failing to raise it initially. Specifically, the court explained that "*Bristol-Myers* did not appear out of thin air" and that several prior cases had held, by the time defendant made its Rule 12(b)(2) motion, that "specific personal jurisdiction does not lie over a nonresident plaintiff's claim against a defendant not subject to general jurisdiction based solely on the close relationship between that claim and a claim brought in the same case by a resident plaintiff." *Id.* (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275 (5th Cir. 2006) ("[I]f a plaintiff's claims relate to different forum contacts of the defendant, specific jurisdiction must be established for each claim."); *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 2:06CV126, 2006 WL 3043115, at *7 (S.D. Ohio Oct. 4, 2006) (defendant not subject to specific jurisdiction in Ohio for out-of-state plaintiffs' claims)). To that point, at least one defendant in this circuit moved to dismiss claims brought in Illinois by non-Illinois plaintiffs for lack of specific personal jurisdiction before *Bristol-Myers* was decided. *See In re Syngenta Mass Tort Actions*, 272 F. Supp. 3d 1074, 1083 (S.D. Ill. 2017). The district court

9

ultimately denied the motion, but not because the defense was "unavailable" under controlling precedent. Rather, the claims brought by the non-Illinois plaintiffs were connected to the defendant's contacts with Illinois such that the court had specific personal jurisdiction over the defendant. *Id.* 1084. In other words, the defense was available, it was just unsuccessful given the facts of the case.

Admittedly, *Greene* involved personal jurisdiction over a defendant with respect to claims brought by nonresident **named** class members, whereas this case involves personal jurisdiction with respect to claims brought on behalf of absent, putative class members (a theory that is less analogous to those pre-*Bristol-Myers* cases). But Enclarity repeatedly argues that *Bristol-Myers* is the operative case which provided a new personal jurisdiction defense; it does not argue that the defense was unavailable until a court applied *Bristol-Myers* to absent class members. The *Greene* court's reasoning is therefore applicable here, and the Court finds it persuasive. In light of the Supreme Court's instruction that *Bristol-Myers* represents a "straightforward application . . . of settled principles of personal jurisdiction," 137 S. Ct. at 1783, *Bristol-Myers* cannot reasonably be characterized as an intervening change in the law and so was "available" to Enclarity within the meaning of Rule 12(g)(2) when it moved for dismissal under 12(b)(6). Accordingly, the defense is waived by operation of Rule 12(h).

Even if the Court were to conclude that a personal jurisdiction defense as to claims of non-Illinois residents was not "available" until *Bristol-Myers* was decided, moreover, Enclarity would still be deemed to have waived the defense because it did not assert the defense over the course of the next eight months while its 12(b)(6) motion remained pending. The motion was not decided until March 2018; until that time, nothing precluded Enclarity from seeking leave to amend or supplement its pending motion to dismiss to add a personal jurisdiction defense when

*Bristol-Myers* was decided. Instead, Enclarity sat on its hands and in doing so waived the defense. *See*, *e.g.*, *InsideSales.com, Inc. v. SalesLoft, Inc.*, No. 2:16CV859DAK, 2017 WL 4280386, at *3 (D. Utah Sept. 26, 2017) (defendant waived venue challenge by failing to supplement pending motion to dismiss after new venue defense became available).

### III. The Waiver Should Not Be Excused

Enclarity argues that waiver should nevertheless be excused, noting that the *Greene* court considered the defendant's personal jurisdiction argument even though it had technically been forfeited. Defendant's Reply Brief 13, ECF No. 75. Indeed, that court stated that it was "entitled to apply the right body of law, whether the parties named it or not." *Id.* at 877 (citing *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001)). But since that defendant had asserted a personal jurisdiction defense in its initial Rule 12 motion, the *Greene* court was not restricted by Rule 12(h). *See Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 855 (N.D. Cal. 2018) (interpreting *Greene* the same way and refusing to excuse waiver). Failing to brief one aspect of a legal theory in an initial motion to dismiss for lack of personal jurisdiction is a far cry from failing to raise the defense all together. And the language of Rule 12(h) is unequivocal that waiver follows from the failure to join available motions as required by Rule 12(g)(2); it provides no discretion to excuse such waivers. *See Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) (describing Rule 12(h) as mandatory).

This Court's decision in *Chavez v. Church & Dwight Co., Inc.*, 17 C 1948, 2018 WL 2238191, at *9 (N.D. Ill. May 16, 2018) is similarly distinguishable. In that case, the defendant moved for dismissal under Rule 12(b)(6). Shortly after, the Supreme Court decided *Bristol-Myers*. The defendant then raised for the first time a personal jurisdiction challenge in its reply brief, which the plaintiff had addressed pre-emptively in its response. *Id.* at *9 n. 11. This Court

stated in a footnote that it would consider the argument because *Bristol-Myers* was not handed down until after the motion to dismiss was filed, and the plaintiff had an adequate opportunity to respond. *Id.* But unlike Enclarity, that defendant raised its personal jurisdiction defense in its first Rule 12 motion (albeit in the reply), early in the litigation process, and less than a month after the Supreme Court decided *Bristol-Myers*. In contrast, Enclarity raised its defense for the first time in an answer filed more than nine months after the decision came down.[5] It also waited to file this motion until approximately two months after the Court referred the case to the magistrate judge for discovery.

Enclarity's argument that it raised its defense "at the first reasonable opportunity," Defendant's Reply Brief at 8, is entirely unpersuasive. To the contrary and as noted above, Enclarity could have raised the defense when it first moved for dismissal in October 2016. Next, it could have raised it when it supplemented that motion with new authority in March 2017, more than a month after the Supreme Court granted certiorari in *Bristol-Myers*. ECF No. 40. *See Greene*, 289 F. Supp. 3d at 876 (certiorari put front and center theory defendant presses now and "teed up" the issues). And at a minimum, even if Enclarity was still at that point subjectively unaware that it might have a personal jurisdiction defense, it could have moved to supplement its motion for a second time during the eight months after *Bristol-Myers* came down but before this Court made its ruling. Enclarity's inaction suggests either that for months after *Bristol-Myers*

---

[5] Enclarity cites to *American Patriot Insurance Agency, Inc. v. Mutual Risk Management, Ltd.* in support of its argument that nine months is not too long. 364 F.3d 884, 886 (7th Cir. 2004). There, the court found that the defendant had not waived its improper venue defense even though it waited nine months after the complaint was filed to move for dismissal. In that case, however, 12(h) waiver was not on the table because the defendant asserted its improper venue defense in its initial Rule 12 motion. What's more, the parties had agreed to stay proceedings while they attempted to come to a settlement agreement; a motion filed during that time would have been premature. *Id.* at 888. Proceedings in this case were not stayed prior to Enclarity's filing of its motion for judgment on the pleadings, and it does not appear from the record that the parties were actively engaged in settlement negotiations.

was decided it still did not realize it had a personal jurisdiction defense to assert or, more likely, that Enclarity opted to hold that arrow in its quiver to use in the event its 12(b)(6) motion did not carry the day as filed. Neither explanation warrants relief from the operation of Rules 12(g)(2) and 12(h)(1).

Further, after finally asserting a lack of personal jurisdiction in its answer, Enclarity did not mention this new defense in the joint status report filed on April 3, 2018 or at the status hearing held before the Court the next day. Such conduct gave plaintiff "a reasonable expectation that [it would] defend the suit [*i.e.*, *all* of the claims] on the merits." *Hedeen Int'l, LLC*, 811 F.3d at 906. It also risked squandering judicial resources by engaging in piecemeal litigation. The purpose of Rule 12(h)'s waiver rule is to avoid such waste, *see Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) and it is appropriately applied here.

\* \* \*

For all these reasons, the Court denies Enclarity's motion for judgment on the pleadings. The parties should resume discovery under the supervision of Magistrate Judge Weisman.

Date: January 22, 2019

John J. Tharp, Jr.
United States District Judge